# EXHIBIT A



**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500 f 404 815 6555

direct dial 404 815 6549
direct fax 404 541 3373
BBrewster@kilpatricktownsend.com

June 9, 2023

By eFile

The Honorable Thérèse Wiley Dancks
United States District Court
100 S. Clinton Street
Syracuse, New York 13261

Re:   *Car-Freshner Corp. v. Energizer Holdings, Inc.*, No. 5:23-cv-285-DNH-TWD

Dear Judge Dancks:

We write on behalf of Defendants Energizer Holdings, Inc., Energizer Brands, LLC, and Energizer Auto, Inc. ("Energizer") to ask that the Court resolve the parties' dispute over whether Daniel Sämann, who is not only General Counsel for Plaintiff Car-Freshner Corporation ("Car-Freshner") but also a key decision-maker for Car-Freshner, should be permitted to review Energizer's most sensitive competitive information. Paragraphs 2 and 3 of Energizer's proposal—which is otherwise identical to Plaintiffs'—prohibit all but specifically named individuals (not including Mr. Sämann) from reviewing documents and information designated "attorneys'-eyes-only" by the parties. *See* **Exhibit 1**.

In the parties' prior litigation, *Car-Freshner Corp. v. American Covers, LLC et al.*, No. 5:17-cv-171 (TJM/ATCB), Judge Baxter resolved this exact same dispute in Energizer's favor. In that case, Car-Freshner freely admitted that Mr. Sämann was involved in his company's competitive decision-making, writing: "While Energizer may have separate in-house counsel that purport to have no business roles, that is not the case for Mr. Sämann …." *See* **Exhibit 2** (ECF 31) at 3. Judge Baxter therefore entered Energizer's proposed language, allowing disclosure of "attorneys'-eyes-only" materials to certain named individuals and *not* to Mr. Sämann. *See* **Exhibit 3** (ECF 39) at 2 ¶ 2(c); *id.* at 3 ¶ 3.



The Honorable Thérèse Wiley Dancks
June 9, 2023
Page 2

The Complaint alleges that "Plaintiffs and Defendants are direct competitors in the U.S. automotive air freshener market." ECF 1 ¶ 9. And though Mr. Sämann may hold fast to his ethical obligations as an attorney and officer of the court, that is "of no consequence" because the question is whether Mr. Sämann's business roles "create a serious risk of the inadvertent disclosure of confidential documents and information" about a direct competitor. *See Norbrook Labs. Ltd. v. G.C. Hanford Mfg. Co.*, 2003 WL 1956214, at *5 (N.D.N.Y. Apr. 24, 2003). The Court should not "endorse a situation that places Mr. [Sämann's] obligations as an attorney in direct competition with his fiduciary duty to [Car-Freshner]." *See id.*

In this litigation, Car-Freshner has already demanded: "All documents concerning the conception, creation, design, development, selection, adoption, review, approval, or licensing of [the Accused] Products"; "All documents concerning consumer research, polls, studies, surveys, or market research Defendants, or any person acting on Defendants' behalf, undertook concerning [the Accused] Products"; "All documents concerning [Energizer's] sale of [the Accused] Products"; "All documents concerning [Energizer's] revenue from the licensing or sale of [the Accused] Products"; and "Copies of all catalogs, brochures, product lists, sell sheets, price lists, or similar documents that contain references to [the Accused] Products." These documents, and the information contained in them—if disclosed *to a direct competitor*—would unquestionably cause significant harm to Energizer. *See Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83 (S.D.N.Y. 2015) ("[T]he 'competitive decisionmaker' analysis hinges on the risk of *inadvertent* disclosure, because it is difficult 'for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.'") (emphasis added) (citation omitted). Therefore, good cause exists to protect Energizer's most sensitive competitive information from Mr. Sämann.

Car-Freshner will suffer no harm from the Court's adoption of Energizer's proposed language, for at least four reasons. *First*, Car-Freshner has employed competent outside counsel who have represented Car-Freshner in numerous cases and can properly formulate case strategy based on Energizer's highly confidential information. *Second*, at least one of Car-Freshner's in-house legal professionals—Ms. Waite-Holland and her staff—will have access to Energizer's highly confidential information. *Third*, Energizer will agree to Mr. Sämann reviewing specific highly confidential information required to facilitate settlement (which Energizer did in the last case). And *fourth*, the parties have already agreed to a procedure for challenging confidentiality designations.

During the conferral process, Car-Freshner's counsel threatened to challenge Energizer's in-house counsel's ability to review Car-Freshner's "attorneys'-eyes-only" documents and information. Accordingly, Energizer submits the sworn declarations of Tamika Newson and Kari Wangensteen as **Exhibits 5 and 6**, respectively. Each declaration conclusively establishes that Ms. Newson and Ms. Wangensteen are not involved in, or present during, competitive decision-making at Energizer.

For the foregoing reasons, Energizer respectfully requests that the Court take the same position as Judge Baxter, and sign and enter the proposed protective order attached as Exhibit 1.

The Honorable Thérèse Wiley Dancks
June 9, 2023
Page 3

Sincerely,

William H. Brewster

Enclosures

cc:      Counsel of Record (via eFile)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION and JULIUS SÄMANN
LTD.,

                        Plaintiffs,                                   **[PROPOSED]**
                                                                   **STIPULATED**
                    v.                                       **PROTECTIVE ORDER**

ENERGIZER HOLDINGS, INC., ENERGIZER BRANDS,                    Civil Action No.
LLC, and ENERGIZER AUTO, INC.,                              5:23-cv-285 (DNH/TWD)

                        Defendants.

Pursuant to FED. R. CIV. P. 26(c), and the stipulation and agreement of the parties to this

action, by and through their respective counsel of record,

IT IS HEREBY ORDERED that if, during the course of this action, any named party to

this action (individually, "Party," or collectively, "Parties"), has the occasion to disclose

information deemed by such Party to constitute confidential information of the type contemplated

by FED. R. CIV. P. 26(c), the following procedures shall be employed and the following restrictions

shall govern:

1.      Any documents, answers to interrogatories or document requests, deposition

transcripts, or portions thereof, responses to requests for admissions, or any other material, or

portions thereof ("Material") provided by any Party to another Party during the pendency of this

action may be designated, in whole or in part, "Confidential" or "Confidential – Attorneys' Eyes

Only" by counsel for the Party producing such Material at the time of its production, by clearly

and prominently marking it as such. The producing Party should apply such designations only

where the producing Party has a good faith belief that the designated Material contains confidential

commercial information that would put the producing Party at a competitive disadvantage if the

information became known to third parties. Third parties who produce or disclose Material in this

action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

2.      The recipient of Material designated as "Confidential" may share such Material, without the prior written consent of each Party who produced the applicable Material or further order of this Court, only with the following qualified persons:

a.      the Court, its staff, and any certified stenographic reporter or persons assisting such reporter in the taking, transcription, recording, or other handling of any deposition or trial transcript or recording;

b.      outside counsel for the Parties, including counsel of record, as well as their respective paralegals, other employees, vendors, and independent contractors assisting such counsel in this action;

c.      Leah Waite-Holland (in-house legal professional for Plaintiffs) and Kari Wangensteen and Tamika Newson (in-house attorneys for Defendants), and their respective paralegals, vendors, and independent contractors working under their supervision in connection with this action;

d.      in-house counsel of each Party having responsibility for providing oversight of, or assistance in, this action, including their respective paralegals, vendors, and independent contractors assisting such counsel in this action;

e.      court-appointed mediators engaged in facilitating settlement discussions under the Local Rules of this Court, including their respective employees, vendors, and independent contractors assisting such mediators in the mediation of this action;

f.      officers, directors, and employees of the receiving Party who are not covered by Paragraph 2(c) but to whom disclosure is reasonably necessary for the purposes of assisting in this action;

g.      persons specially retained by the Parties as experts, investigators, or consultants to assist in the preparation of this action for trial who are *bona fide* experts in the fields relevant to the subject matter of this action, except that such persons may be shown information and documents designated under this Order only to the extent necessary to render such expert assistance, and only after signing the written Assurance of Confidentiality attached hereto as **Exhibit A**; and

h.      any other person whom the Parties agree, in writing, to designate, except that such persons may be shown information and documents designated under this Order only after signing the written Assurance of Confidentiality attached hereto as **Exhibit A**.

3.      The Parties recognize that there may be certain sensitive, confidential, financial, business, and/or proprietary Material, the disclosure of which to certain categories of persons designated in Paragraph 2, *supra*, may compromise and/or jeopardize the disclosing Party's interests. Such Material may be designated "Confidential – Attorneys' Eyes Only," and shall only be disclosed to the persons identified in (a), (b), (c), (e), (g), and (h) in Paragraph 2, *supra*, and for those persons identified in (g) and (h), they must first sign the written Assurance of Confidentiality attached hereto as **Exhibit A**. Every signed Assurance of Confidentiality required to be obtained under this Order shall be maintained by outside counsel of record for the Party obtaining it, and shall be made available, upon request, for inspection by this Court *in camera*.

4.      The attorneys of record for a Party who wishes to disclose Material designated "Confidential" or "Confidential – Attorneys' Eyes Only" to persons other than those qualified to

receive such Material under Paragraphs 2 or 3, *supra*, shall notify the attorneys of record for the producing Party. The attorneys shall discuss in good faith whether disclosure can be made. If the attorneys cannot agree, then the Party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. Pending a ruling by the Court, no disclosure of the Material to persons, other than those qualified to receive the Material under Paragraphs 2 or 3, *supra*, shall be made.

5.      Material designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order. Any copies of such Material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, also shall be deemed "Confidential" or "Confidential – Attorneys' Eyes Only," in keeping with the producing Party's designation, and the same terms regarding confidentiality of the originals shall apply to these materials. Material designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used only for purposes directly related to this action. Nothing herein shall limit the right of a producing Party to use Material it has disclosed as it sees fit. Further, nothing herein shall limit the right of the receiving Party from showing information designated by the producing Party as "Confidential" or "Confidential – Attorneys' Eyes Only" to the producing Party's witness during deposition or trial.

6.      If a receiving Party disputes a producing Party's designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only," the receiving Party shall notify the producing Party in writing of the basis for the dispute, identifying the specific Material as to which the designation is disputed and proposing a new designation for such Material. The receiving Party and the producing Party shall then confer by phone to attempt to resolve the dispute without

4

involvement of the Court. If they do not resolve the dispute, the proposed new designation shall be applied 14 days after notice of the dispute unless within that fourteen-day period the producing Party files a motion with the Court to maintain the producing Party's designation. The producing Party bears the burden of proving that the information is properly designated as "Confidential" or "Confidential – Attorneys' Eyes Only." In the event such an application is made, the information shall remain subject to the producing Party's "Confidential" or "Confidential – Attorneys' Eyes Only" designation until the Court rules on the dispute. A Party's failure to contest a designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only" is not an admission that the information was properly designated as such.

7.     The subject matter of all depositions given in connection with this action, and the original and all copies of the transcripts and recordings of any such depositions, shall be deemed to be "Confidential – Attorneys' Eyes Only" for a period ending 21 days after the transcript is received by counsel. On or before the 21st day after any deposition transcript is received by counsel, such transcript may be designated, in whole or in part, "Confidential" or "Confidential – Attorneys' Eyes Only" by counsel for the designating Party, and the portions of the transcript of the deposition so designated (and any recordings of those portions of the deposition) shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

a.     stating orally, on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is "Confidential" or "Confidential – Attorneys' Eyes Only," in which case the court reporter shall mark each page so designated accordingly; or

b.      sending written notice to all other Parties, designating, by page and line, the portions of the transcript to be treated as "Confidential" or "Confidential – Attorneys' Eyes Only," whereupon the Parties shall attach a copy of the written designation to the face of the transcript, and each copy thereof, in the Party's possession, custody, or control.

8.      When Material marked "Confidential" or "Confidential – Attorneys' Eyes Only" likely will be presented, quoted, or referenced during any hearing, trial, or other court proceeding, any Party claiming confidentiality shall have the right to make arrangements, or, where appropriate, request the Court to ensure that only the persons who are permitted to access the Material in accordance with Paragraph 2 or 3, *supra*, are present.

9.      If, at any time prior to the trial of this action, a producing Party realizes that some portion(s) of the Material that the Party previously produced without such designation should be designated as "Confidential" or "Confidential – Attorneys' Eyes Only," then the Party may so designate by so advising all Parties in writing, and such designated portion(s) of the Material will thereafter be treated as designated. Any disclosures of Material made before such designation as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be deemed a violation of this Order, but the receiving Party shall make reasonable efforts to retrieve such Material from any persons (other than those qualified to receive the Material under Paragraphs 2 or 3, *supra*) to whom the receiving Party disclosed such Material before such designation. If, at any time, a producing Party realizes that Material previously designated "Confidential" or "Confidential – Attorneys' Eyes Only" should not have been so designated or no longer qualifies for such designation, then the Party promptly shall inform counsel for the non-producing Party and shall produce copies of the Material without such designation.

10.     Prior to filing any pleadings, responses to requests for discovery, motions, or other documents with the Court that contain, summarize, excerpt, or otherwise embody any Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the information shall be designated appropriately under this Order, and the filing Party shall seek leave to file the designated information under seal or in redacted form in accordance with N.D.N.Y. Local Rule 5.3, and, upon permission, file the documents under seal or in redacted form. If the Court requests additional support in response to any request for leave to file under seal, then the Party that designated the Material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall bear the burden of supporting such designation to the Court.

11.     If a Party determines that it inadvertently has disclosed information that it believes is protected by the attorney-client privilege, entitled to work product protection, or otherwise immune from discovery ("Privilege"), then the Party shall notify, in writing, the receiving Party of the claim of Privilege, set forth the basis for the claim, and request that the Material containing the information be returned or destroyed. If the Party learns of the inadvertent disclosure during a deposition or court proceeding, then the Party may notify the receiving Party and make the request orally, on the record, during the relevant proceeding. In either case, if such a request is made, then no Party shall thereafter assert waiver of Privilege with respect to the information as a result of the inadvertent disclosure. If the receiving Party contends that the information is not entitled to Privilege in the first instance, then the receiving Party retains the right to challenge a claim of Privilege. Regardless of whether it agrees with or contests the other Party's claim of Privilege, the receiving Party will return or destroy the inadvertently produced Material, and all copies and derivations thereof, within 5 business days of receipt of the request for return of the Material.

12.     Nothing contained herein shall preclude any Party from presenting a motion to the Court for a separate or different protective order as to any particular Material, including restrictions differing from those specified in this Order.

13.     The Parties will make best efforts not to designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any Material consisting solely of publicly available information.

14.     If a Party is served with a subpoena, request for production, or other form of discovery request in connection with other litigation or a matter other than this action that would require disclosure of any Material designated in this action by another Party as "Confidential" or "Confidential – Attorneys' Eyes Only," then such Party shall notify the other Party as soon as reasonably possible. If the designating Party objects to the production of such Material, then the Party served with the subpoena, request for production, or other form of discovery request shall not produce any such Material absent an order by the applicable tribunal.

15.     Within 45 days after the conclusion of this action, all Parties and their respective counsel shall destroy or return all Material designated "Confidential" or "Confidential – Attorneys' Eyes Only;" provided, however, that outside counsel of record may retain for their files copies of any pleadings, correspondence, filings, discovery requests and responses, depositions, expert reports, and attorney work product. Conclusion of this action shall mean when a final, non-appealable judgment is entered or a final settlement is reached. Within 60 days of the conclusion of this action, the Party returning or destroying Material under this Paragraph shall provide written notice to the producing Party attesting to the return or destruction of all designated Material.

16.     All provisions of this Order, and all restrictions relating to the disclosure or use of any Material designated "Confidential" or "Confidential – Attorneys' Eyes Only," shall continue to be binding, even after the conclusion of this action.

17.     The Parties agree that, after the conclusion of this action, any dispute arising from this Order and any application for direction, order, or further decree as may be appropriate for the construction, modification, enforcement, or compliance wherewith, or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of this Order, shall be directed to this Court, or, if this Court determines jurisdiction is lacking, then to a court of competent jurisdiction within the State of New York.


**IT IS SO ORDERED**.


Dated: _____, 2023          SO ORDERED:
            Syracuse, New York


            _____
            Thérèse Wiley Dancks
            U.S. Magistrate Judge

9

## **EXHIBIT A**
## **ASSURANCE OF CONFIDENTIALITY**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION and JULIUS SÄMANN
LTD.,

                    Plaintiffs,

          v.

ENERGIZER HOLDINGS, INC., ENERGIZER BRANDS,
LLC, and ENERGIZER AUTO, INC.,

                    Defendants.

**ASSURANCE OF
CONFIDENTIALITY**

Civil Action No.
5:23-cv-285 (DNH/TWD)

  I, _____, acknowledge that I have read and that I understand

the Stipulated Protective Order in this action governing the non-disclosure of Material that has

been designated as "Confidential" or "Confidential – Attorneys' Eyes Only."  I agree that I will

not disclose such Material to anyone other than as permitted by the Stipulated Protective Order,

and that at the conclusion of this action, I will return all disclosed Material to the Party or attorney

from whom I received it or destroy it. By acknowledging these obligations under the Stipulated

Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Northern District of New York for the purpose of any issue or dispute arising

hereunder, and that my willful violation of the Stipulated Protective Order could subject me to

punishment for contempt of Court.


Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____

# EXHIBIT 2



KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500 f 404 815 6555

direct dial 404 815 6321
direct fax 404 541 3373
prosenblatt@kilpatricktownsend.com

July 31, 2017

By eFile

The Honorable Andrew T. Baxter
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, NY 13261-7396

     Re:    CAR-FRESHNER CORPORATION, ET AL. V. AMERICAN COVERS, LLC, ET AL.
             CIVIL ACTION NO.: 5:17-CV-171 (TJM/ATCB)

Dear Judge Baxter:

     Per the Court's July 20 Order (ECF 30), we write on behalf of Defendants American Covers, LLC, Energizer Holdings, Inc., and Energizer Brands, LLC ("Energizer") in response to Plaintiffs' July 17 letter (ECF 29).

     The parties concur that a stipulated protective order is appropriate and have agreed to most of the relevant terms, including that it should be two-tier (*i.e.*, the ability to designate confidential information as either CONFIDENTIAL or ATTORNEYS' EYES ONLY ("AEO")). The parties, however, disagree as to who should be allowed to view AEO-designated documents:

- Energizer's position is that specific in-house counsel—who are not competitive decisionmakers—should be allowed to view all documents produced in this litigation, including those marked AEO (while taking appropriate steps to protect the information); and

- Plaintiffs' position is that documents marked AEO should be viewable by outside counsel only because, in short, Plaintiff's only in-house counsel admittedly is a "competitive decisionmaker."

     In writing to the Court, Plaintiffs' letter refers to the case law provided by Energizer, and acknowledges that it is the "appropriate test," but complains that applying the well-accepted legal standard here "would have an inequitable outcome, and unfairly prejudice Plaintiffs."

     The legal rules regarding in-house counsel access to documents are well settled—"a denial of access sought by in-house counsel on the sole ground of their status as in-house counsel

The Honorable Andrew T. Baxter
July 31, 2017
Page 2

is error." *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1469 (Fed. Cir. 1984). As summarized in *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 82–83 (S.D.N.Y. 2015):

> The question of an in-house attorney's access to confidential information must be resolved on a "case-by-case basis" by assessing "each individual counsel's actual activity and relationship with the party represented, without regard to whether a particular counsel is in-house or retained. This determination should turn on the extent to which counsel in involved in "competitive decision making" with the client. "Competitive decisionmaking" is "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."

*Accord Amgen, Inc. v. Elanex Pharms., Inc.*, 160 F.R.D. 134, 139 (W.D. Wash. 1994) ("In-house counsel in the instant case … are not involved in competitive decision-making, which is arguably the determinative factor in this analysis."). If a court finds a risk of "inadvertent disclosure or competitive use," it "must balance this risk against the potential harm to the opposing party." *Koninklijke Philips*, 311 F.R.D. at 84.

Energizer's proposal allows three designated in-house counsel—Kate Dugan, Andy Whitehead, and Kelly Boss—to have access to AEO documents, and a declaration from each of them is enclosed.

Ms. Dugan, Assistant General Counsel for Energizer Holdings, Inc., is responsible for overseeing litigation at Energizer, and in that role she is the liaison between outside counsel and Energizer's in-house litigation team. In this case, she is and will be involved on a regular basis in developing and implementing case strategies, drafting and reviewing briefs, attending depositions, working with experts, etc.

Mr. Whitehead, Senior Intellectual Property and Data Privacy Counsel for Energizer Holdings, Inc., is responsible for advising Energizer on and handling trademark, copyright, and trade secret issues. When those issues are involved in litigation, he shares case responsibility with Ms. Dugan, and has a similar role. For example, either Ms. Dugan or Mr. Whitehead will participate in preparing to depose Plaintiffs' employees and would attend those depositions. They also would work on briefing at all stages of the case. While Ms. Dugan and Mr. Whitehead have these roles in many cases, their involvement here is likely to be heightened where Energizer already has discontinued selling the products at issue, and the goal is to minimize on-going expense.

Neither Ms. Dugan or Mr. Whitehead provide advice or counsel to Energizer on, or participate in, making its everyday business decisions involving issues like finances, product pricing, product selection, product design, channels of trade, competitive activities or analysis, marketing channels, marketing and advertising, or product naming (except as they may relate to trademark or copyright issues, such as clearance of potential marks, filing applications, or handling litigation matters). In short, neither has any role in competitive decisionmaking.

The Honorable Andrew T. Baxter
July 31, 2017
Page 3

Ms. Boss, Vice President and General Counsel for Energizer Holdings, Inc., has ultimate responsibility and oversight for Energizer's litigation strategy and would be involved in negotiating and approving any settlement, which includes after reviewing relevant documents, including the parties' briefing, depositions transcripts and exhibits, and the like. Like Ms. Dugan and Mr. Whitehead, she is not involved in the competitive decisionmaking process or everyday business decisions of Energizer's air freshener business. *See Matsushita Elec. Indus. Co. v. U.S.*, 929 F.2d 1577, 1580 (Fed. Cir. 1991) ("[T]he standard is not 'regular contact' with other corporate officials who make 'policy,' or even competitive decisions, but 'advice and participation' in 'competitive decisionmaking.'"); *Infosint S.A. v. H. Lundbeck A.S.*, No. 06CIV2869LAKRLE, 2007 WL 1467784 (S.D.N.Y. May 16, 2007) ("[T]here is no precedent that general corporate legal advice constitutes involvement in competitive decision-making.").

Plaintiffs' admit that their lone in-house lawyer, Mr. Sämann, engages in competitive decisionmaking. (Specifically, counsel wrote: "While Energizer may have separate in-house counsel that purport to have no business roles, that is not the case for Mr. Sämann at CFC."). As a result, Mr. Sämann falls squarely in the category of persons that should not receive highly confidential business information. *See Koninklijke Philips*, 311 F.R.D. at 83 ("[T]he 'competitive decisionmaker' analysis hinges on the risk of *inadvertent* disclosure, because it is difficult 'for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.'") (emphasis in original); *see also Autotech Techs. LP v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 445 (N.D. Ill. 2006) (same).

The burden here is on Plaintiffs, who are attempting to restrict access to information, to show "good cause" for why Energizer's designated in-house counsel should be prohibited from viewing AEO documents. *Koninklijke Philips*, 311 F.R.D. at 85; *see also* Fed. R. Civ. P. 26(c)(1). Plaintiffs do not attempt to do so via any traditional argument. Instead, Plaintiffs complain that application of the pertinent test would "have an inequitable outcome, and unfairly prejudice Plaintiffs." (ECF 29 at 2).

With respect to the so-called "inequitable outcome" achieved by following the applicable legal rule, one response is embodied in the phrase "fair does not mean equal." The Federal Rules favor disclosure of information, and the law allows disclosure to in-house counsel who does not engage in completive decisionmaking; that rule is fair and appropriate, even if it does not yield identical results for each party. In fact, Plaintiffs find themselves in this position because they insist on pursuing a trademark infringement lawsuit in which Defendants – to avoid the cost of litigation – agreed to discontinue sales of the two products at issue that had been sold for only short periods of time. Instead of resolving the case, Plaintiffs served expansive written discovery and are insisting on pursuing multiple depositions. Plaintiffs are in this position of their own making.

With respect to the assertion that following the correct legal rule would "unfairly prejudice Plaintiffs," that contention is entirely conclusory; no attempt is made to explain the purported prejudice (either in kind or amount). Courts uniformly reject non-specific claims of prejudice. *See Autotech Techs.*, 235 F.R.D. at 440 ("Conclusory statements are not sufficient.");

The Honorable Andrew T. Baxter
July 31, 2017
Page 4

*see generally Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) ("To establish 'good cause' for a protective order ..., the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."); 8A Charles A. Wright, et al., Fed. Prac. & Proc. § 2035 (3d ed. 2017) (same).[1]

 Plaintiffs' complaints about speculative "prejudice" never suggest any realistic concern with the handling of the AEO information. Out of an abundance of caution, Energizer will adopt additional precautions, including (1) no printed versions of AEO materials shall be maintained by in-house Energizer lawyers; (2) AEO materials shall be accessed only on a password-protected computer to which they have the only access. Of course, all of the in-house counsel also are members of state and federal bars, subject to professional responsibility requirements, and would take seriously their obligations under the terms of the Protective Order.

 Plaintiffs' letter to the Court suggests that the parties should rely exclusively on a provision (in paragraph 4 of the proposed order) that would "allow[] either party to seek permission to share AEO information with in-house counsel or any other persons, as necessary." ECF 29 at 2. While that type of provision is an appropriate safety valve, the law very specifically mandates that access should be permitted to individuals (satisfying the competitive decisionmaking standard) without having to jump through those hoops on a document-by-document basis. Moreover, this provision is impractical in the context of depositions (where Plaintiffs employees would be shown dozens of documents), or in the context of briefing where dozens of documents may be cited, as well as deposition testimony regarding those documents.

 Plaintiffs' letter includes a footnote referencing the possibility of an evidentiary hearing. But the case Plaintiffs cite involved a situation in which the in-house counsel was "the sole legal advisor and personnel manager" and "one of thirteen or fourteen employees" at the entire company.[2] Courts routinely decide whether in-house counsel should be permitted to see documents without a hearing and based on declarations alone. *See, e.g., Sanofi-Aventis U.S. LLC v. Breckenridge Pharm., Inc.*, CV 15-289 (MAS)(LHG), 2016 WL 308795, at *1 (D.N.J. Jan. 25, 2016) (granting defendant's "request that their in-house attorney be permitted access to outside-counsel-only documents" based on declarations only); *Fleming v. Parnell*, C13-5062 BHS, 2013 WL 4551851, at *4 (W.D. Wash. Aug. 28, 2013) (denying plaintiffs' motion for a protective order against defendant's in-house counsel based on declaration testimony); *SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *5 (N.D. Ill. May 12, 2006) (denying defendant's motion for a protective order to prevent plaintiff's in-house counsel from viewing highly confidential documents based on declaration testimony); *Nazomi Commc'ns, Inc.*

---

[1] Plaintiffs' expressions of concerns also are belied by the process of negotiating this protective order. When Energizer insisted "that at least certain of its in-house counsel be permitted to view all documents produced in this litigation," offering "to designate the specific in-house counsel by name" and to represent that they "are *not* competitive decision makers," *Plaintiffs' response was to agree to in-house counsel access* (if it was limited to two per side). Only after Energizer sought assurances that Plaintiffs' in-house counsel did not engage in "competitive decision-making" did Plaintiffs change their position and offer the (conclusory) allegation of "unfair prejudice."

[2] *Brown Bag Software v. Symantec Corp.*, 960 F.3d 1465, 1471 (9th Cir. 1992).

The Honorable Andrew T. Baxter
July 31, 2017
Page 5

*v. Arm Holdings PLC*, No. C 02-02521-JF, 2002 WL 32831822, at *3 (N.D. Cal. Oct. 11, 2002)
(holding plaintiff's in-house counsel could view highly confidential documents based only on an
"uncontroverted declaration" from plaintiff's in-house counsel). An evidentiary hearing is
particularly unnecessary here where the issue of whether in-house counsel is a competitive
decisionmaker is not a close one, and the request is part of a scorched-earth approach.

      In light of the foregoing, Energizer requests that the Court enter a protective order
allowing Energizer's designated in-house counsel to view documents designated AEO. Enclosed
is a proposed order, which is identical to the order proposed by Plaintiffs except with respect to
Paragraph 2(b).

      Sincerely,

      William H. Brewster


Enclosures

cc:    Counsel of Record (via eFile)

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

---

CAR-FRESHNER CORPORATION,

and

JULIUS SÄMANN LTD.,

                          Plaintiffs,

           v.

AMERICAN COVERS, LLC F/K/A AMERICAN
COVERS, INC. D/B/A HANDSTANDS,
ENERGIZER HOLDINGS, INC., and
ENERGIZER BRANDS, LLC,

                         Defendants.

Civil Action No.: 5:17-cv-171
(TJM/ATB)

---

**STIPULATED CONFIDENTIALITY AGREEMENT &
PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation and agreement by and among

Plaintiffs CAR-FRESHNER Corporation and Julius Sämann Ltd. on the one hand, and Defendants

American Covers, LLC f/k/a American Covers, Inc. d/b/a Handstands, Energizer Holdings, Inc.,

and Energizer Brands, LLC, on the other hand (collectively, the "parties"), by and through their

respective counsel of record,

IT IS HEREBY ORDERED, that if, during the course of this action, either party has the

occasion to disclose information deemed by such party to constitute confidential proprietary

information of the type contemplated by Fed. R. Civ. P. 26(c), the following procedures shall be

employed and the following restrictions shall govern:

1.        Any documents, answers to interrogatories or document requests, deposition

transcripts, or portions thereof, responses to requests for admissions, or any other material or

portions thereof (hereinafter "Material") provided by either party to the other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" or "Confidential – Attorneys' Eyes Only" by counsel for the party producing such Material at the time of its production.  The producing party should only apply such designations where the producing party has a good faith belief that the designated Material contains confidential commercial information that would put the producing party at a competitive disadvantage if the information became known to third parties.  Third parties who produce or disclose Material in this action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

2.     The recipient of Material marked as Confidential may share such Material without the prior written consent of each party who produced the applicable Material or further order of this Court,  only to the following qualified persons:

(a)     The Court, its officers and employees and any certified stenographic reporter or persons assisting such reporter in the taking, transcription, or other handling of any deposition or trial transcript;

(b)     Outside counsel for the parties, including counsel of record, as well as their paralegals, other employees, vendors and/or independent contractors assisting in this litigation;

(c)     Kate Dugan, in-house counsel for Defendants, and Leah Waite-Holland, Senior Legal Coordinator for plaintiff CAR-FRESHNER Corporation;

(d)     In-house counsel of each party, and/or their respective affiliates, having responsibility for providing oversight of or assistance in this litigation, including their paralegals, vendors and/or independent contractors assisting in this litigation;

Case 5:17-cv-00872-JM-WPB   Document 39   Filed 09/18/17   Page 3 of 11

   (e)  Mediators, arbitrators or other persons engaged in facilitating settlement discussions under the local rules of this Court, including their employees, vendors and/or independent contractors assisting in settlement;

   (f)  Witnesses for the parties in this litigation;

   (g)  Officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action;

   (h)  Persons specially retained by the parties as experts, investigators or consultants to assist in the preparation of this litigation for trial who are bona fide experts in the fields relevant to the subject matter of this action, except that any such person may be shown information and documents designated under this Protective Order only to the extent necessary to render such expert assistance, and only after signing the written Assurance of Confidentiality attached hereto as Exhibit "A";

   (i)  Any other person whom the parties have agreed to designate in writing.

  3.  The parties recognize that there may be certain sensitive confidential, financial, business and/or proprietary documents and information, the disclosure of which to certain categories of persons listed in paragraph 2 may compromise and/or jeopardize the disclosing party's interests. Such Material may be marked "Confidential – Attorneys' Eyes Only," and shall only be disclosed to the persons identified in (a), (b), (c), (h) and (i) in paragraph 2, and for those in categories (h) and (i) they must also sign the written Assurance of Confidentiality attached hereto as Exhibit "A." Every signed Assurance of Confidentiality required to be obtained under this Protective Order shall be maintained by outside counsel of record for the party obtaining it and shall be made available, upon request, for inspection by this Court in camera.

4.      The attorneys of record for a party who wishes to disclose Material designated Confidential or Confidential – Attorneys' Eyes Only to persons other than those identified in paragraph 2 and 3 shall notify the attorneys of record for the other party.  The attorneys shall discuss in good faith whether disclosure can be made.  If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure.  No disclosure of the information to persons other than those identified in paragraphs 2 and 3 shall be made, pending a ruling by the Court.

5.      Material designated Confidential or Confidential – Attorneys' Eyes Only shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Material pursuant to this Order.  Any copies of such Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential or Confidential – Attorneys' Eyes Only in keeping with the producing party's designation, and the same terms regarding confidentiality of these materials shall apply to the originals.  Such Material shall be used only for purposes directly related to this action.  Nothing herein shall limit the right of a party to use Material it has disclosed as it sees fit.  Further, nothing herein shall limit the right of a receiving party from showing information designated by the producing party as Confidential or Confidential – Attorneys' Eyes Only to the producing party's witness during a deposition or at trial.

6.      Nothing herein shall be deemed to limit, prejudice or waive any right of either party to contest at any time any claim of confidentiality made by any other party pursuant to this Protective Order with respect to any Material in the litigation.  If a receiving party disagrees with the designation of any Material as Confidential or Confidential – Attorneys' Eyes Only, the

4

parties shall first try to resolve their dispute on an informal basis. If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution.

7. The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be Confidential – Attorneys' Eyes Only for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential or Confidential – Attorneys' Eyes Only by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

(a) stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential or Confidential – Attorneys' Eyes Only, in which case the court reporter shall mark each page so designated accordingly.

(b) sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as Confidential or Confidential – Attorneys' Eyes Only, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

8. When Material marked Confidential or Confidential – Attorneys' Eyes Only will likely be presented, quoted, or referred to in any hearing, trial or other court proceeding, any party claiming confidentiality shall have the right to make arrangements or, when appropriate, request the Court to ensure that only the persons who, in accordance with paragraphs 2 and 3 hereinabove, would be permitted access to the Material, are present.

5

9.     If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced should be designated as Confidential or Confidential – Attorneys' Eyes Only, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as designated.  If at any time a producing party realizes that Material previously designated Confidential or Confidential-Attorneys' Eyes Only should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such designation.

10.     Prior to filing any pleadings, responses to requests for discovery, motions or other documents with the Court that contain, summarize, excerpt, or otherwise embodies any information designated as Confidential or Confidential- Attorneys' Eyes Only, the information shall be designated appropriately under this Stipulated Protective Order and the filing party shall seek leave to file the designated documents under seal or in redacted form in accordance with N.D.N.Y.L.R. 83.13, and upon permission, file the documents under seal or in redacted form. The party that designated the Material as Confidential or Confidential – Attorneys' Eyes Only bears the burden of supporting such designation to the Court should it request additional support in response to any request for leave to file under seal.

11.     If a party determines it has inadvertently disclosed information that it believes is privileged or otherwise immune from discovery, the party shall in writing notify the receiving party of the claim, set forth the basis for the claim, and request that the item or items be returned or destroyed.  If the party learns of the inadvertent disclosure during a deposition or court proceeding the party may notify the receiving party orally during the relevant proceeding.  If such request is made, no party shall thereafter assert waiver of privilege, work product

6

protection, or immunity with respect to the information.  The receiving party will, regardless of whether it agrees with or contests the other party's claim of privilege, return or destroy the inadvertently produced documents or material, and all copies and derivations thereof, within 5 business days of receipt of a written request for the return of the documents or material.

12.     Nothing contained herein shall preclude either party from presenting a motion to the Court for a separate or different protective order as to any particular Material, including restrictions differing from those as specified in the Protective Order.

13.     The parties will make best efforts not to designate as Confidential or Confidential – Attorneys' Eyes Only any documents consisting solely of publicly available material.

14.     If a party is served with a subpoena, request for production, or other form of discovery in connection with other litigation or a matter other than the present action that would require disclosure of any Material designated in this action as Confidential or Confidential – Attorneys' Eyes Only, such party shall notify the other party as soon as reasonably possible. If the designating party objects to the production of such Material, the party served with the subpoena, request for production, or other form of discovery shall not produce any such Material absent an order by the applicable tribunal.

15.     Within 45 days after conclusion of the litigation, all parties and their counsel shall destroy or return all Material designated Confidential or Confidential – Attorneys' Eyes Only; provided, however, outside counsel may retain copies for their files of any pleadings, correspondence, filings, discovery requests and responses, depositions, expert reports, and attorney work product. Conclusion of the litigation shall mean when a final, non-appealable judgment is entered, or a final settlement is reached. The party returning or destroying materials

under this paragraph shall provide written notice to the producing party attesting to the return or destruction of all designated materials within 60 days of the conclusion of the litigation.

16. All provisions of this Protective Order and all restrictions relating to the disclosure or use of any Material marked Confidential or Confidential – Attorneys' Eyes Only shall continue to be binding even after the conclusion of the litigation.

17. The parties agree that after conclusion of the litigation, any dispute arising from this Protective Order and any application for direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Protective Order, shall be directed by this Court, or if the Court determines that jurisdiction is lacking, to a court of competent jurisdiction within the State of New York.

18. The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

19. This Stipulation may be signed in counterparts and a signature by facsimile or portable document format shall have the same force and effect as an original signature.

The parties, by their undersigned counsel, stipulate to the foregoing, and consent to the entry of the above Protective Order.

Dated: September 14, 2017    By:    */s/ Louis Orbach*
 
Louis Orbach
BOND SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: lorbach@bsk.com

Lacy H. Koonce, III
Jeremy A. Chase
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
Email: lancekoonce@dwt.com
      jeremychase@dwt.com

*Counsel for Plaintiffs CAR-FRESHNER Corporation and Julius Sämann Ltd.*

Dated: September 14, 2017    By:    /s/ William H. Brewster
 
William H. Brewster
Jennifer Fairbairn Deal
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: bbrewster@kilpatricktownsend.com
      jdeal@kilpatricktownsend.com

*Counsel for Defendants*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: September 15, 2017

    Hon. Andrew T. Baxter
    U.S. Magistrate Judge

9

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION, <br><br> and <br><br> JULIUS SÄMANN LTD., <br><br> <div align="center">Plaintiffs,</div> <br> <div align="center">v.</div> <br> AMERICAN COVERS, LLC F/K/A AMERICAN COVERS, INC. D/B/A HANDSTANDS, ENERGIZER HOLDINGS, INC., and ENERGIZER BRANDS, LLC, <br><br> <div align="center">Defendants.</div> | Civil Action No.: 5:17-cv-171 (TJM/ATB) |

**ASSURANCE OF CONFIDENTIALITY**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Material to anyone other than as permitted by the Protective Order and that at the conclusion of the litigation I will return all disclosed Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Northern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of the Protective Order could subject to me punishment for contempt of Court.

10

Signature: _____

Printed Name: _____

Company & Position: _____

Dated: _____

# SEALED EXHIBIT 4

# EXHIBIT 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., | Civil Action No. 5:23-cv-285-DNH-TWD |
| Plaintiffs, | |
| v. | |
| ENERGIZER HOLDINGS, INC., ENERGIZER BRANDS, LLC, and ENERGIZER AUTO, INC., | |
| Defendants. | |

## <u>DECLARATION OF TAMIKA NEWSON</u>

I, Tamika Newson, under penalty of perjury declare as follows:

1.      I submit this declaration in support of Defendants' concurrently-filed letter requesting entry of an umbrella protective order. I am over the age of 18, am competent to testify to the matters set forth herein, and I make this declaration based on my personal knowledge.

2.      I am Head of Global Litigation for Defendant Energizer Holdings, Inc. ("Energizer"). In this role, I am responsible for overseeing litigation matters that involve Energizer and all of its affiliated entities globally. As Head of Global Litigation for Energizer, I am the primary liaison between outside counsel and Energizer's in-house litigation team for the above-captioned matter and responsible for the development and implementation of Energizer's litigation strategy in the above-captioned matter.

3.      Energizer Holdings has over 5400 employees. I am not involved in any decision-making for any of Energizer's business, except to provide purely legal advice in connection with litigation. I am not involved in any competitive decision-making for Energizer, and, in particular, I am not engaged in any competitive decision-making for Energizer's air freshener business.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on June 9, 2023, in Atlanta, Georgia.

s/ *Tamika Newson*
Tamika Newson

# EXHIBIT 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION, and JULIUS SAMANN LTD., | Civil Action No. 5:23-cv-285-DNH-TWD |
| Plaintiffs, | |
| v. | |
| ENERGIZER HOLDINGS, INC., ENERGIZER BRANDS, LLC, and ENERGIZER AUTO, INC., | |
| Defendants. | |

**<u>DECLARATION OF KARI WANGENSTEEN</u>**

I, Kari Wangensteen, under penalty of perjury declare as follows:

1.      I submit this declaration in support of Defendants' concurrently-filed letter requesting entry of an umbrella protective order. I am over the age of 18, am competent to testify to the matters set forth herein, and I make this declaration based on my personal knowledge.

2.      I am Associate General Counsel – Commercial, Categories and Brands for Defendant Energizer Holdings, Inc. ("Energizer"). In this role, I am responsible for Energizer's Energizer's trademark portfolio and provide support to Energizer's global sales, e-commerce, and marketing partners. Along with Tamika Newson, I am a liaison between outside counsel and Energizer's in-house litigation team for the above-captioned matter and assist Ms. Newson in the development and implementation of Energizer's litigation strategy in the above-captioned matter.

3.      Energizer Holdings has over 5400 employees. I am not involved in any decision-making for any of Energizer's business, except to provide purely legal advice. I am not involved

in any competitive decision-making for Energizer, and, in particular, I am not engaged in any competitive decision-making for Energizer's air freshener business.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on June 9, 2023, in St. Louis, Missouri.

s/ *Kari Wangensteen*
Kari Wangensteen